**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1003

JOHN OSBORNE CRANDELL, III,

Plaintiff - Appellant,

v.

HARDY COUNTY RURAL DEVELOPMENT AUTHORITY,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Michael John Aloi, Magistrate Judge.  (2:18-cv-00087-MJA)

Submitted:  January 26, 2023                    Decided:  February 7, 2023

Before NIEMEYER and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Osborne Crandell, III, Appellant Pro Se. Robert Clee Chenoweth, Peter G. Zurbuch, BUSCH, ZURBUCH & THOMPSON, PLLC , Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Osborne Crandell, III, appeals several orders entered by the magistrate judge in this civil action, including the June 26, 2020, order awarding summary judgment to the Hardy County Rural Development Authority ("HCRDA") on some of Crandell's claims; the June 14, 2021, order denying Crandell's request for additional discovery after our dismissal of Crandell's first appeal and remand to the magistrate judge for the resolution of an unresolved claim; and the November 23, 2021, order awarding summary judgment to the HCRDA on Crandell's claim that was the basis for our remand.[1]  Because we discern no reversible error in the proceedings below, we affirm the magistrate judge's summary judgment award to the HCRDA.

Crandell first challenges the magistrate judge's June 14, 2021, order on remand limiting discovery to those issues relevant to the remanded claim.  We are satisfied, however, that the magistrate judge did not abuse his discretion in so limiting the second round of discovery.  *See Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189 (4th Cir. 2017) (stating standard of review).  Contrary to Crandell's contention, nothing in our prior opinion suggests that Crandell was entitled to additional discovery on the claims that the magistrate judge had resolved before our remand.

Crandell next challenges the magistrate judge's June 26, 2020, order awarding summary judgment to the HCRDA on (1) Crandell's breach of contract claim related to the

---

[1] The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

2

HCRDA's failure to apply industrial covenants to other lots within the industrial park in which he owns land, and (2) his claim under the West Virginia Freedom of Information Act, W. Va. Code Ann. §§ 29B-1-1 to 29B-1-7 (West, Westlaw through 2022 Sess.).  After reviewing the record, we agree with the magistrate judge that there is no genuine dispute of material fact as to either claim and that the HCRDA is entitled to judgment as a matter of law on both claims.  *See Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (explaining standard of review).

As to the breach of contract claim, we are satisfied that Crandell failed to show that the HCRDA was required to apply industrial covenants to other lots within the industrial park.[2]  As for the West Virginia Freedom of Information Act claim, we conclude that Crandell had "proper and reasonable opportunities" to "inspect[] and examin[e]" the documents that he sought. W. Va. Code Ann. § 29B-1-3(c).  And the record does not reveal that the HCRDA withheld any documents from Crandell that are still in existence.  *See id.* § 29B-1-5(2) (authorizing court to "order the production of any records improperly withheld from the person seeking disclosure").

---

[2] Crandell pursued two theories to support his claim that the HCRDA was required to apply industrial covenants to other lots within the industrial park where he owns land. First, Crandell claimed that the HCRDA had used funding from a particular federal grant to improve the industrial park and that the grant conditions required the application of industrial covenants.  Second, Crandell asserted that the industrial covenants that his deed incorporates required the deeds for other lots within the industrial park to incorporate the same covenants because the title of the incorporated industrial covenants mentions the acreage of the industrial park.  Having thoroughly examined the record, neither theory persuades us.

Finally, Crandell challenges for the first time in his reply brief the magistrate judge's November 23, 2021, order awarding summary judgment to the HCRDA on his breach of contract claim related to the HCRDA's attempted repurchase of his property. We generally deem waived any argument that is raised for the first time in a reply brief, and we see no reason to deviate from that practice here. *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 793 (4th Cir. 2022).

Accordingly, we affirm the magistrate judge's award of summary judgment to the HCRDA on Crandell's claims.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Crandell also argues—for the first time on appeal—that the magistrate judge who conducted the mediation in these proceedings improperly pressured him to accept a settlement offer. Absent exceptional circumstances, which are not present here, we do not consider an issue raised for the first time on appeal. *Tarashuk v. Givens*, 53 F.4th 154, 167 (4th Cir. 2022). In any event, Crandell did not accept any settlement offer, and the magistrate judge's purportedly improper conduct thus did not prejudice Crandell.